[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF MEMORANDUM OF DECISION DATED JUNE 28, 2002
Before this court is the Motion to Reargue of the Defendant, University of Bridgeport. Defendant Botwick joined in the motion. The plaintiff filed an Objection. The defendant, University of Bridgeport, argues that this court erred when it ruled against the defendant and denied its motion to strike Counts 1-4 of the plaintiff's complaint. Defendant essentially argues that the court misinterpreted and misapplied the law. The defendant's motion to reargue is denied. However, because the motion raises issues which indicate that the defendant misunderstood the courts ruling and role, those issues must be clarified. Accordingly, this court writes this Articulation of Decision.
The ruling of the court was not founded on the premise that if the court disapproved of the defendant's conduct, then it must construe that the alleged conduct was sufficient to sustain a claim for intentional infliction of emotional distress. Such is not the law in Connecticut. Such was not stated in the Memorandum of Decision. Quite the contrary, CT Page 10191 this court held that because it could not conclude, as a matter of law, that the conduct was not extreme or outrageous, it could not grant the defendant's motions. This court held that reasonable minds could disagree about whether or not the conduct of the defendant(s) was extreme and outrageous[1]. This disagreement, or factual dispute, precluded the granting of the Motion to Strike.
This court did not conclude or hold, as the defendant suggests, that to grant the Motion to Strike would mean sanctioning the behavior of the defendant. Whether or not the court condones the behavior of the defendant is not relevant to its ruling on the merits of the motion or the arguments. Rather, this court examined whether the behavior would be deemed tolerable within decent society. In other words, this court evaluated whether or not the alleged conduct was extreme and outrageous as defined by Connecticut case law. Deciding whether or not conduct is extreme or outrageous requires, in Connecticut, an initial evaluation of whether or not conduct would be tolerated or accepted[2] by decent society. When this court used the word "acceptable" it was referring to it within the context of this legal standard.
This court is bond by the Connecticut Supreme Court holdings, and as such, weighed the alleged behavior against the standard previously set in other cases. Evaluating and assessing that behavior, this court concluded that the behavior might be deemed, by the reasonable examiner, to be extreme or outrageous. Consequently, this court could not conclude, as a matter of law, that the behavior was not extreme or outrageous. Therefore, the alleged conduct survived the motion to strike.
A motion to strike is not, as the defendant seems to believe, a resolution of the factual issues. When matters can be stricken on legal grounds, the motions are to be granted. This was not the case in the instant matter. This court could not make a conclusion, as a matter of law. This left, for the trier of fact, the issue of whether or not the conduct was, in fact, extreme and outrageous. As this court noted in its original decision, this was a close call. Given the mandates of Connecticut law that "[t]he court must construe the facts in the complaint most favorably to the plaintiff," and the pertinent law surrounding the cause of action for intentional emotional infliction of distress, this court denied the motion to strike.
In dicta, the court made an observation which, taken, out of context, might be (and apparently was) misconstrued. Though the defendant quoted part of the paragraph relating to that observation[3], it failed to reference the remaining part of the paragraph in which this court CT Page 10192 acknowledged that conduct which is reprehensible, may nonetheless, still be legal.[4] This court is well aware of the fact that conduct, though distasteful, may still be within the bounds of acceptable and tolerated behavior.
To the extent that defendant believes that this court denied its motion because the court disapproved of the behavior of the defendant(s), it is mistaken. This court denied the motions because the conduct alleged was, arguably, extreme and outrageous and therefore, was sufficient to support a claim for intentional infliction emotional distress. This court did not deny the motion because it believed that to do otherwise would be to sanction the behavior. The ruling was not meant to be an expression of opinion of approval or disapproval of the defendant(s) conduct. Nor was the ruling meant to invite or discourage assertions of claims of emotional distress in the academic forum[5]. The ruling merely stated that the plaintiff has asserted a claim, which, at this point, is legally sufficient to go to the next level.
As for predicting the fate of the court's decision on appeal, the court believes that this forecast is premature. It certainly was unnecessary. Though the court appreciates the defendant's admonition, perhaps once it re-reads the Memorandum of Decision, in light of this Articulation, its concerns will be addressed.
Although the defendant argues that the court erred in denying its motion to strike Counts 1-4 it only addresses Counts 1-3 (the counts relating to Intentional Infliction of Emotional Distress) in its narrative. Count 4, which asserts a claim for Negligent Infliction for Emotional Distress, is not referenced substantively in the motion.
Motion to Reargue is hereby denied for the foregoing reasons.
 ___________________ Robinson-Thomas, J